UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINDA JEAN STEWART,

                        Plaintiff,

           -against-

TONI AMBER; TONI BERNSTEIN (BIRTH
NAME); CYBELA CLARE
(PROFESSIONAL NAME),

                        Defendant.

19-CV-2331 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff Linda Jean Stewart, appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging "non-payment for services rendered." By order dated July 12, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff, who resides in Manhattan, filed this complaint against another Manhattan resident, Toni Amber, whose birth name is Toni Bernstein and whose professional name is Cybela Clare. The complaint contains the following allegations. Plaintiff worked with Defendant "for many years co-producing and shooting a feature film" called Bird's Eye View (the film). The claims arose in the "New York metro area during the period from November 30, 1989, through July 31, 2000," when Plaintiff "stopped working on the movie on a regular basis." (ECF No. 4 ¶ III and pgs. 5-6.) Thereafter, for "the better of a decade," Plaintiff worked on the film as an associate producer, production manager, and "one of the main Directors of Photography." The film was released in 2009, and Plaintiff attended the 2010 premiere at the Philadelphia Film Festival "to help promote" it. In addition, Plaintiff attended a "marketing meeting" with Defendant in December 2013.

Also included in an "evidence list" attached to the complaint are: photographs of Plaintiff's movie credits from the 2010 Philadelphia screening; an "online screener" from 2012 bearing Plaintiff's credits; an "email exchange" in "late 2018" between Plaintiff and Defendant "regarding [Plaintiff's request to get paid]"; and Defendant's "call to [Plaintiff's] brother David on 1/26/2017."[1] (*Id.* at 8.) Plaintiff alleges, "I was promised payment at various stages of production, but as of today, I still have not been paid in full for my work on the movie or even for my expenses." (*Id.* at 6.) Defendant paid Plaintiff "some small fees over the years," which Plaintiff asserts proves "that she owes me the money." (*Id.*)

---

[1] There are additional undated events and documents included in the list.

Plaintiff has "an original, signed agreement" and "extensive records and other documentation as well as credits on the film which all prove I did the work." (*Id.*) Defendant owes Plaintiff $82,922.15, "for labor and expenses," and Plaintiff seeks "a settlement of $100,000." (*Id.* ¶ IV.) Plaintiff refers to a six-year statute of limitations, and states that she "was hoping because the movie took so long to finish, and is currently promoted sold, that this might cancel out the time limit." (*Id.*)

## DISCUSSION

### A.    Fair Labor Standards Act

Plaintiff purportedly filed this complaint under the Court's federal question jurisdiction, 28 U.S.C. § 1331, but she does not invoke a federal cause of action. Instead, she seems to assert a claim for breach of contract, which does not arise under federal law.

The only federal statute that could arguably be implicated by Plaintiff's allegations is the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, which provides a cause of action to employees against employers for unpaid wages. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Court of Appeals for the Second Circuit has adopted an "economic realities" test to determine whether an individual was an employee entitled to the protections of the FLSA or, in the alternative, was an independent contractor. *See, e.g.*, *Zheng v. Liberty Apparel Co., Inc.*, 355 F.3d 61, 66 (2d Cir. 2003); *Brock v. Superior Care, Inc.,* 840 F.2d 1054, 1058 (2d Cir. 1988) (independent contractors are not covered by the FLSA). The factors considered in this test include: "(1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the

working relationship, and (5) the extent to which the work is an integral part of the employer's business." *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 912 (S.D.N.Y. 2013).

Based on the facts provided, it is not clear that Plaintiff and Defendant were ever in an employer-employee relationship. Therefore, the Court grants Plaintiff leave to file an amended complaint to describe in more detail her employment relationship with Defendant, the degree of control or supervision Defendant exercised, and the nature of the work she performed.

## B.     Breach of Contract Claim

The complaint could be read as asserting a breach of contract claim,[2] which arises under state law. If there are no federal claims, federal courts can adjudicate state law claims only if there is diversity jurisdiction. But it does not appear that this Court has diversity jurisdiction over this matter. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Even if the Court assumes that the statutory jurisdiction amount in controversy is met, Plaintiff indicates that both she and Defendant reside in New York, precluding complete diversity of citizenship.[3]

---

[2] Plaintiff references a six-year statute of limitations that governs breach of contract claims under New York law, *see* New York Civil Practice Law and Rules § 213(2).

[3] Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." Because it is not clear at this stage whether Plaintiff can state any federal claims, the Court will determine at a later time whether to exercise supplemental jurisdiction over any state-law claims Plaintiff seeks to raise. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state-law claims where no federal claims remained).

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court grants Plaintiff leave to amend her complaint to address the deficiencies discussed in this order. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.[4]

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-2331 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

---

[4] If Plaintiff needs assistance with this matter, she may contact the NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in the Southern District of New York. A copy of the flyer with details of the clinic is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    August 8, 2019
          New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court in Manhattan and White Plains

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax. The clinic cannot assist individuals while they are incarcerated, but can provide assistance to litigants once they are released from custody.

To make an appointment for a consultation, call (212) 659-6190 or come by either clinic during office hours. Please note that a government-issued photo ID is required to enter either building.

**The clinic offers in-person appointments only. The clinic does not offer assistance over the phone or by email.**

## Thurgood Marshall United States Courthouse

Room LL22
40 Centre Street
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. - 4 p.m.
Closed on federal and court holidays

---

## The Hon. Charles L. Brieant Jr. Federal Building and Courthouse

300 Quarropas St
White Plains, NY 10601
(212) 659 6190

Open Wednesday
12 p.m. - 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
  ☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                         (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                          State               Zip Code

_____        _____

Telephone Number                     Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name             Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City             State             Zip Code

Defendant 2: _____

First Name             Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City             State             Zip Code

Defendant 3: _____

First Name             Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City             State             Zip Code

Defendant 4: _____

         First Name              Last Name

         _____

         Current Job Title (or other identifying information)

         _____

         Current Work Address (or other address where defendant may be served)

         _____

         County, City              State         Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                Plaintiff's Signature

_____          _____
First Name        Middle Initial     Last Name

_____
Street Address

_____          _____
County, City              State                  Zip Code

_____          _____
Telephone Number                     Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes     ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.